| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO**<br>1437 Bannock Street<br>Denver, CO  80202 | DATE FILED: April 6, 2020 2:43 PM<br>FILING ID: CCCC9CC1EB80C<br>CASE NUMBER: 2020CV31277 |
| **Plaintiff:**  VISSER PRECISION, LLC, a Colorado limited liability company,<br><br>v.<br><br>**Defendant:**  IMPRESA AEROSPACE, LLC, a California limited liability company. | ▲ COURT USE ONLY ▲<br>Case Number:<br><br>Div.:             Ctrm.: |
| Attorney or Party Without Attorney:<br>Name:        J. Lee Gray, # 27306<br>                   Kyriaki Council, #51157<br>Address:    HOLLAND & HART LLP<br>                   555 17th St., Suite 3200<br>                   Denver, CO  80202<br>Telephone:       (303) 290-1602<br>Facsimile:        (303) 975-5303<br>E-mail:             LGray@hollandhart.com<br>                       KCouncil@hollandhart.com | |
| **COMPLAINT** | |

For its Complaint against Defendant Impresa Aerospace, LLC ("Impresa"), Plaintiff Visser Precision, LLC ("Visser") states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Visser is, and at all times pertinent to this cause has been, a limited liability company organized under the laws of Colorado, with its principal place of business at 6275 E. 39th Avenue, Denver, Colorado 80239.

2. Defendant Impresa is a limited liability company organized under the laws of California with its principal place of business at 344 W. 157th Street, Gardena, California 90248.

3. This Court has jurisdiction over the subject matter at issue because this is a civil action for damages. Colo. Const. Art. VI, § 9(1).

4. This Court has jurisdiction over the parties to this action pursuant to Colo. Rev. Stat. § 13-1-124 because Impresa has, at all relevant times, transacted business in Colorado.

5. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) because Plaintiff resides in, and performance of the contract took place in, the City and County of Denver.

## GENERAL ALLEGATIONS

6. Visser is engaged in the business of manufacturing precision machined parts for use in a variety of products, including aerospace products.

7. Impresa is engaged in the development, manufacture, sale and support of detail parts to the Aerospace industry.

8. On or about July 20, 2017, Visser and Impresa entered into an Agreement for Purchase of Goods (the "Agreement") under which Visser was to manufacture, produce, and sell certain precision machined parts (the "goods") to Impresa for use in certain aerospace products. A copy of the Agreement is attached to this Complaint as **Exhibit 1** and incorporated by reference.

9. Pursuant to the Agreement and numerous orders placed by Impresa from December 2017 through November 2019, Visser produced and delivered these goods, which goods Impresa accepted without objection.

10. Visser promptly provided invoices to Impresa for each shipment of goods delivered and accepted.

11. Under the terms of the Agreement, Impresa was to pay a set price per piece produced by Visser within 30 days of receipt of the goods at its facility.

12. Although Impresa made certain payments over time, it has failed to pay for most of the goods provided under the Agreement.

13. As itemized in the attached Statement, marked as **Exhibit 2**, Impresa owes Visser $661,004.10 for goods produced, delivered, accepted, and represented in invoices dated from January 12, 2018 through December 6, 2019.

14. This entire amount is now over 90 days past due and Impresa has breached the Agreement by its continued nonpayment.

15. Visser has demanded payment from Impresa for the amount owed, but no payments have been made.

## COUNT ONE
### Breach of Contract

16. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

17. The Agreement is a written, enforceable contract between the Parties under which Visser was to manufacture and produce and sell the goods to Impresa and Impresa was to pay.

18. Visser fully performed its obligations under the Agreement by producing and delivering all of the goods ordered by Impresa from December 2017 through November 2019.

19. Impresa has breached the Agreement by failing to pay the $661,004.10 it owes Visser for the delivered and accepted goods.

20. As a result of Impresa's breach of the Agreement, Visser has sustained and continues to sustain economic damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant Impresa, and award to Plaintiff:

A. Such actual damages as this Court may deem just and proper;

B. Costs of this action, as allowed by law;

C. Pre-judgment and post-judgment interest on any award of damages to the extent permitted by law, including C.R.S. § 5-12-102; and

D. Such other and further relief as the Court may deem appropriate.

Dated April 6, 2020.

Respectfully submitted,

 s/ J. Lee Gray
J. Lee Gray, #27306
Kyriaki Council, #51157
HOLLAND & HART LLP

**ATTORNEYS FOR PLAINTIFF**

Plaintiff's Address:
6275 E. 39th Avenue
Denver, CO  80239

14432818_v1

IMPRESA AEROSPACE, LLC AGREEMENT FOR PURCHASE OF GOODS     **EXHIBIT B**

DATE FILED: April 6, 2020 2:43 PM
FILING ID: CCC9CC51EB38C
CASE NUMBER: 2020CV31277

**THIS AGREEMENT FOR PURCHASE OF GOODS** (hereinafter, "Agreement") is effective as of the 20th day of July, 2017 (hereinafter, "Effective Date"), by and between Visser Precision a Colorado Company having its principal place of business in Denver, Colorado (hereinafter, "Supplier" or "Seller"), and Impresa Aerospace, LLC, a California limited liability company having a place of business in Gardena, California, USA, (hereinafter "Impresa" or "Buyer"), either or both of which may hereinafter be referred to as "Party" or "Parties," respectively.

**WHEREAS,** Impresa is currently engaged in the development, manufacture, sale and support of detail parts to the Aerospace industry;

**WHEREAS,** Supplier is engaged in the business of manufacturing precision machined parts; (hereinafter referred to as "Goods"); and

**WHEREAS,** Supplier has agreed to sell its Goods to Impresa in compliance with the technical, commercial and administrative requirements set forth in this Agreement and the requirements of the Federal Aviation Administration ("FAA").

**NOW THEREFORE,** for and in consideration of the above recital and the mutual promises, covenants and agreements set forth herein, the Parties hereby agree as follows:

1. **Contract Formation & Purchase Order Acceptance.**
The purpose of this Agreement is to set forth the general terms and conditions which will be incorporated by reference into any Purchase Orders issued by Impresa relating to the purchase of the Goods described herein. This Agreement does not create an obligation upon Impresa to purchase Goods from Supplier and Supplier agrees that Impresa has made no representation, warranty, guarantee or commitment to purchase any minimum quantity of Goods under this Agreement.  Impresa's determination of what Goods to purchase and when to purchase such Goods will be made in its sole discretion and will be reflected in Purchase Orders issued by Impresa to Supplier. Supplier further agrees that any inventories which Supplier may produce or which may otherwise arise from Supplier's performance under this Agreement without such Goods being specifically ordered by Impresa on a Purchase Order shall be at Supplier's sole risk and responsibility and Impresa shall have no obligation to purchase such inventory from Supplier. Any waiver or modifications to this Agreement will be binding only if signed by an authorized representative of both Supplier and Impresa. Supplier agrees to acknowledge Purchase Orders within five (5) calendar days of receipt.  Supplier agrees that it will accept all Purchase Orders issued in accordance with this Agreement and the agreed pricing and lead times established by the Parties.  Impresa's Purchase Order will be deemed accepted if Supplier does not acknowledge the same within ten (10) calendar days of receipt.  To acknowledge at Purchase Order, Supplier may return any form of acknowledgement of receipt that Supplier normally issues, provided the contents of any such form are restricted to the acknowledgement of receipt.  It is understood that Impresa objects to and will not be bound by any additional or different terms or conditions of sale proposed by Supplier in an acceptance of a Purchase Order, invoices or other forms issued by Supplier and all such additional or different terms or conditions are agreed to be null and void, and will not be binding on Impresa.

2. **Term**
This agreement will commence on the date of signature and will continue through 31 December 2020.

3. **Pricing & Payment**
(a) Goods pricing will be as specified in Attachment 1 to this Agreement "Goods, Prices and Lead Times".  Supplier represents that the prices set forth in Attachment 1 are no less favorable than those offered to any other customer of Supplier for the same parts or any derivative from the family of part numbers.  In the event Supplier's pricing structure is revised downward resulting in the prices of Goods delivered or services rendered being higher than those offered to any other customer of Supplier, Supplier agrees to retroactively adjust the prices set forth in Attachment 1 downward so that Impresa is not required to pay more than any other customer of Supplier at any point in time after the Effective Date.

(b) Payment terms will be Net 30 days unless otherwise specified on Impresa's Purchase Order and will commence upon receipt at Impresa's facility.  Supplier understands that any inaccuracy as to Supplier's invoice or any other required document herein may result in the delay of payment.

**EXHIBIT 1**

IMPRESA AEROSPACE, LLC AGREEMENT FOR PURCHASE OF GOODS     EXHIBIT B

4. **Shipping Instructions**
   (a) Supplier will be responsible for the proper packaging of Goods hereunder.
   (b) Unless otherwise directed by Impresa in writing, all Goods and data will be shipped by Supplier DDP (Incoterms 2010) to Impresa's continental U.S. location stated on the Purchase Order.
   (c) Unless otherwise agreed, Supplier will deliver Goods and data required by Impresa in strict accordance with the delivery schedule in the applicable Purchase Order.
   (d) Supplier will at all times comply with Impresa's written shipping instructions.
   (e) Supplier will submit all required shipping papers to Impresa prior to final payment.

5. **Lead Time, Delivery, Notice of Delay, Acceptance & Rejection**
   (a) The applicable Lead Time for Goods will be as defined in Attachment 1, "Goods, Prices and Lead Times".
   (b) Title and risk of loss will pass to Impresa upon delivery of the Goods to Impresa at the destination noted on the Purchase Order.
   (c) Time is of the essence. Impresa reserves the right to refuse or return at Supplier's risk and expense shipments made in excess of Impresa's orders, in advance of required schedules, or to defer payment on advance deliveries until scheduled delivery dates.
   (d) In the event of an actual, potential or threat of delay to the delivery schedule or timely performance of a Purchase Order, Supplier will: (i) notify Impresa in writing immediately of the reasons for the delay, including delays attributed to labor disputes; (ii) provide Impresa a corrective action plan addressing the delay in writing within five (5) calendar days; and (iii) if requested by Impresa, ship via air or other expedited method to avoid or minimize the delay. Supplier will be responsible for the added cost of any expedited shipment required to meet the delivery schedule. Nothing in this paragraph will relieve Supplier of any obligation herein or be construed as a waiver by Impresa of the delivery schedule or timely performance of a Purchase Order.
   (e) Any Goods or services which are nonconforming as to the quality or quantity or the delivery schedule will constitute a breach of the Purchase Order and Impresa will have the right to reject such Goods or services, in whole or in part, and notify Supplier thereof. In the event of such a tender, Impresa will be entitled to all remedies as provided by law, and in addition thereto will have the right to do any or all of the following: (1) to hold such nonconforming Goods for a reasonable period at Supplier's risk and expense pending a determination to accept or reject any or all thereof; (2) to return such nonconforming Goods to Supplier at Impresa's election and at Supplier's risk and expense for replacement or correction; (3) to accept such nonconforming Goods or services subject to an equitable price reduction.

6. **Termination for Convenience**
   (a) Impresa may by written notice direct Supplier to terminate a Purchase Order in whole or in part at any time, and such termination will not constitute a default. In the event of a partial termination, Supplier is not excused from performance of the balance of the non-terminated work under the Purchase Order.
   (b) In the event of Termination for Convenience, Supplier will be reasonably reimbursed for Goods that are agreed by both parties to be buyer unique. Impresa may take immediate possession of all buyer unique Goods, for which Impresa has made payment, upon notice of termination.
   (c) Supplier's obligations under the warranty, patent, indemnity and confidentiality provisions of this Agreement or any Purchase Order will survive such termination.

7. **Impresa's Assistance & Termination for Default**
   (a) Impresa may terminate this Purchase Order, or work under this Purchase Order, in whole or in part, for the breach of one or more of its terms and Supplier's failure to fully cure such breach within ten (10) calendar days following Impresa's issuance of written notice to Supplier advising of such breach and Impresa's intent to terminate this Purchase Order for Supplier's default. Impresa may terminate this Purchase Order immediately and without prior notice upon the insolvency of Supplier, filing of a voluntary or involuntary petition of bankruptcy by or against Supplier, or the making of an assignment for the benefit of creditors by Supplier. Impresa may terminate this Purchase Order immediately and without prior notice should the Supplier, or any of 'Supplier's officers, directors, owners, partners, managers or supervisors be debarred, suspended, proposed for debarment or declared ineligible for the award of contracts by any federal department or agency.
   (b) In the event of Supplier's default hereunder, Impresa may exercise any or all rights accruing to it both at law or in equity.
   (c) Supplier's obligations under the warranty, patent, indemnity and confidentiality provisions of this Purchase Order will survive such termination.

(d) If, after termination, it is determined that Supplier was not in default, the termination will be deemed for Impresa's convenience and the rights and obligations of the parties will be as set forth in paragraph 6, above.

8. **Force Majeure**
Except for defaults of Supplier's subcontractors at any tier, neither Impresa nor Supplier will be liable for any failure to perform due to any cause beyond their reasonable control and without their fault or negligence. Such causes include, but are not limited to, acts of God or of the public enemy, acts of the Government in either its sovereign or contractual capacity, fires, floods, epidemics, terrorism, quarantine restrictions, strikes, freight embargoes and unusually severe weather ("Force Majeure Event"). If performance of one or more Purchase Orders are hindered, delayed or adversely affected by a Force Majeure Event, the Party whose performance is so affected will so notify the other Party's authorized representative in writing and, at Impresa's option, the Purchase Order(s) will be completed with such adjustments as are reasonably required by the existence of the Force Majeure Event or the Purchase Order(s) may be terminated on a no-fault basis.

9. **Disputes**
(a) Any controversy or claim arising out of or relating to one or more Purchase Orders or the breach thereof may be settled at Impresa's sole discretion either by submitting the claim to: (i) a court of competent jurisdiction or (ii) binding arbitration, before a single arbitrator in the state of California, in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Judgment upon an arbitrator's award may be entered in any court having jurisdiction thereof.
(b) Irrespective of where a Purchase Order is performed, this Agreement and the Purchase Order will be construed and interpreted according to the laws of the State of California without resort to California's conflicts of law rules.
(c) Pending resolution or settlement of any dispute arising under this Agreement or a Purchase Order, Supplier will proceed diligently as directed by Impresa with the performance of any Purchase Order.

10. **Remedies**
(a) The rights of Impresa hereunder will be in addition to its rights and remedies at law or in equity. Failure to enforce any right Impresa may have will not constitute a waiver of such right or of any other rights.
(b) In no event will Supplier be entitled to anticipatory profits or to special (including multiple or punitive), incidental, or consequential damages arising from or relating to this Agreement or any Purchase Order, or any breach thereof.

11. **Confidentiality**
(a) Unless otherwise expressly agreed in writing to the contrary, all specifications, information, data, drawings, software and other items supplied to Impresa by Supplier will be disclosed to Impresa on a non-confidential basis and may be used and/or disclosed by Impresa without restriction.
(b) All specifications, information, data, drawings, software, and other items which are (i) supplied by Impresa, (ii) obtained by Supplier and paid for by Impresa for performance of a Purchase Order, or (iii) which are to be furnished by Supplier on a Purchase Order will be confidential. Supplier will not disclose this information to any third party Supplier's attorneys, financial institutions, and accountants) without Impresa's prior written consent.
(c) Supplier will not publish, distribute or make any news release about the subject matter of this Agreement or any Purchase Order or any program relating thereto or use the Impresa Aerospace, LLC name (or the name of any division, affiliate or subsidiary thereof), logo, trademark, service mark, or trade dress for the purpose of advertising, making a news release, creating a business reference, creating website content or for products or service endorsement without Impresa's prior written approval.
(d) This Agreement and any Purchase Order are confidential between and among the Parties. The terms and conditions set forth herein may not be disclosed, either in whole or in part, to any third party unless the party desiring to make such disclosure first obtains the express written approval of the other Party.

12. **Warranty**
Supplier warrants to Impresa Aerospace, its successors, assigns, customers and end users that, upon delivery, and during the entire Warranty Period specified below, all Goods furnished (including all replacement or corrected Goods or components which Supplier furnishes pursuant to this warranty) will (a) be free from defects in material, workmanship. (b) conform to applicable drawings, designs, quality control plans, specifications and samples and other descriptions furnished or specified by Impresa Aerospace, (c) be merchantable, (d) be fit for the intended purposes to the extent the Goods are not of a detailed design furnished by Impresa Aerospace and operate as intended, (e) comply with all applicable national and local laws, (f) be free and clear of any and all liens, restrictions, reservations, security interests or encumbrances, and (g) not infringe any patent, published patent application, or other intellectual property rights of any third party existing as of the date of delivery, and not utilize

IMPRESA AEROSPACE, LLC AGREEMENT FOR PURCHASE OF GOODS          EXHIBIT B

misappropriated third party trade secret information. Services will be performed in accordance with the highest standards in the industry. The Warranty Period will be for a period of 36 months from the date of delivery to the end user or such longer period of time as may have been accepted by Impresa Aerospace from Impresa Aerospace's customer or the date on which any longer or broader government requirement covering the Goods ends. These warranties will survive any delivery, inspection, acceptance or payment by Impresa Aerospace for the entire Warranty Period. Claims for breach of warranty do not accrue until discovery of noncompliance, even if the Goods were previously inspected. The warranties provided are cumulative and in addition to any warranty provided by law or equity. Any applicable statute of limitations runs from the date of discovery. Goods that meet the preceding standards are collectively called "conforming Goods." If conforming Goods are not furnished within the time specified by Impresa Aerospace then Impresa Aerospace may, at its election and in addition to any other rights or remedies it may have at law or in equity, have the non-conforming Goods repaired, replaced or corrected at Supplier's expense. In addition to the costs of repairing, replacing or correcting non-conforming Goods, Supplier is responsible for all corrective action costs (i.e., costs of additional inspection or quality control systems). Unless set-off by Impresa Aerospace, Supplier will reimburse Impresa Aerospace for all such costs upon receipt of Impresa Aerospace's invoice.

**13. Inspection**
(a) Prior to delivery to Impresa, Supplier will inspect and test all Goods delivered or services rendered to ensure compliance to all requirements flowed down on the purchase order and pertaining documents.
(b) All Goods delivered will be subject to inspection and testing by Impresa. Impresa shall have the right to reject any Goods that fail to meet specifications within ninety (90) days of receipt of delivery.
(c) Impresa's failure to inspect does not relieve Supplier of any responsibility to perform according to the terms of the Purchase Order.

**14. Assignments**
Supplier may not assign any rights or obligations due or to become due under a Purchase Order without the prior written consent of Impresa. Impresa may assign, sell, transfer or dispose of (in whole or in part) any of its rights or obligations under this Purchase Order.

**15. Set Off**
Impresa will have the right at any time to set off any amount owing from Supplier to Impresa or Impresa's subsidiaries and/or affiliates against any amount due and owing to Supplier or any of its subsidiaries pursuant to a Purchase Order or any other contractual agreement between Impresa and Supplier or their respective subsidiaries and/or affiliates.

**16. Compliance with Law &Gratuities**
(a) Supplier warrants that the Goods to be furnished and the services to be rendered under this Purchase Order will be manufactured, sold, and used in compliance with all relevant federal, state, and local laws and regulations.
(b) Supplier warrants that it has not offered or given and will not offer or give to any employee, agent, or representative of Impresa any gratuity or any kickback within the meaning of the Anti-Kickback Act of 1986 with a view toward securing any business from Impresa or influencing such person with respect to the terms, conditions, or performance of any contract with or Purchase Order from Impresa. Any breach of this warranty will be a material breach of each and every contract and/or Purchase Order between Impresa and Supplier.

**17. Insurance & Indemnification**
(a) Supplier will maintain such Public Liability, Property Damage, Employer's Liability, and Compensation Insurance and Motor Vehicle Liability (Personal Injury and Property Damage) Insurance in such amounts as will protect Supplier (or its subcontractors) and Impresa from said risks and from any claims under any applicable Workers' Compensation, Occupational Disease, and Occupational Safety and Health statutes including the Occupational Safety and Health Act. Supplier will provide Impresa with certificates evidencing required insurance upon Impresa's request.
(b) Supplier will defend, indemnify, and hold harmless Impresa and Impresa's directors, officers, employees agents and customers from any liability, claim of liability, expense, cause of action, loss, or damage whatsoever, including attorney's fees arising out of or in any way connected with Supplier's performance or failure to perform any Purchase Order or that of Supplier's agents, employees, or subcontractors.
(c) Supplier will without limitation as to time indemnify and save Impresa and its customer harmless from all alleged claims which may be asserted against property covered hereunder or under any Purchase Order, including without limitation mechanic's liens or claims arising under worker's compensation or occupational disease laws

and from all claims for injury to persons or property arising out of or related to such property unless the same are caused solely and directly by Impresa's negligence.

(d) Supplier does hereby irrevocably indemnify and agree to defend any claim or litigation, or to pay or reimburse any judgment and all loss and expense costs (including reasonable attorney fees) incurred in connection with any claim or litigation which asserts or is based upon any alleged design or manufacturing defect, negligence, failure to warn, or breach of warranty directly resulting from Supplier's product(s) (including parts and components thereof purchased by Supplier from its suppliers), delivered to Impresa. Supplier's indemnity obligations under this Section 17 shall not apply to any claim, loss, demand, or litigation concerning any matter that is outside the scope of Supplier's work pursuant to this Agreement or any Purchase Order. This indemnity will be deemed an agreement made in California, to be construed and enforced according to the laws of that state.

18. **Change**

Impresa may, by written or electronic notification, direct changes in the Purchase Order that include but not limited to; quantity, or time or place of delivery of Goods. Only authorized Impresa procurement representatives may issue changes to the Purchase Order. If any changes cause an increase or decrease in the cost of, or the time required for, performance of the Purchase Order, an equitable adjustment for reasonable costs will be made in the Purchase Order price, delivery dates or both, and the Purchase Order will be amended in writing or electronically accordingly.

19. **United States Government Contracts**

If Impresa purchases Goods for incorporation into aircraft that are subject to mandatory provisions under United States Government contracts, the additional requirements for such purchases will be set forth in supplements hereto, will be deemed incorporated herein for all purposes and will be controlling over any other provisions in this Purchase Order.

20. **Export/Import Controls**

(a) Supplier will control the disclosure of an access to technical data, information and other items received under this Agreement or any Purchase Order in accordance with U.S. export control laws and regulations, including but not limited to the ITAR. Supplier agrees that no technical data, information or other items provided by the Impresa in connection with this Purchase Order will be provided to any foreign persons or to a foreign entity, including without limitation, a foreign subsidiary of Supplier or foreign national employees of Supplier, with the express written authorization of Impresa and Supplier's obtaining of the appropriate export license, technical assistance agreement or other requisite documentation for ITAR-controlled technical data or items. Supplier will indemnify Impresa for all liabilities, penalties, losses, damages, costs or expenses that may be imposed on or incurred by Impresa in connection with any violations of such laws and regulations by Supplier.

(b) Supplier will immediately notify Impresa if it becomes listed on any Excluded or Denied Party List of an agency of the U.S. Government or its export privileges are denied, suspended or revoked.

21. **Quality Program**

Supplier will implement and maintain a quality program acceptable to Impresa for the Goods delivered and services rendered under Impresa Purchase Orders. Supplier will allow Impresa to review the quality program by reviewing Supplier's procedures, instructions, practices, processes and other related documents to determine their acceptability. Supplier will have the continuing obligation to immediately notify Impresa of change or deviation from Supplier's approved quality program and to notify Impresa of any Goods delivered or services rendered during the period of such change or deviation. Impresa will at all times be entitled to place and maintain a resident quality representative at Supplier's principal place of business or at Supplier's subcontractor(s) to review and ensure Supplier's performance of the approved Quality Program.

22. **Access to Facilities**

Both Supplier and Impresa will comply with rules established for access to the other's facilities and activities in and around such facilities or premises.

23. **Records**

Supplier will retain and maintain complete and accurate records and documents pertaining to the Goods ordered or services rendered for a minimum of Fifteen (15) years after completion of purchase order, or as directed by Impresa. Such records will support all work performed.

24. **Waiver**

IMPRESA AEROSPACE, LLC AGREEMENT FOR PURCHASE OF GOODS

**EXHIBIT B**

The failure of either Party to enforce at any time any of the provisions of this Agreement or a Purchase Order will not be construed to be a waiver of such provisions, nor affect the validity of any Purchase Order, nor the right of the said Party thereafter to enforce each and every such provision.

### 25. Severability

If any provision of this Agreement or any Purchase Order or application thereof is found invalid, illegal or unenforceable by law, the remainder of this Agreement or Purchase Order will remain valid, enforceable and in full force and effect, and the Parties will negotiate in good faith to substitute a provision of like economic intent and effect.

### 26. Incorporated Documents

All documents attached hereto are hereby incorporated as an integral and inseparable part of Impresa's Purchase Orders issued hereunder.

### 27. Order of Precedence

(a) In the event of a conflict between the terms and conditions of this Agreement, United States Government contract requirements, an Impresa Purchase Order and the documents which form a part of the foregoing, the conflict will be resolved by giving precedence in the following order: (i) if applicable, United States Government mandatory provisions; (ii) this Agreement and attachments hereto; and (iii) Impresa's Purchase Order and attachments thereto.

(b) In the event of conflict between the specifications, part number, or catalog description, the specifications will govern, whether or not approved by Impresa.

### 28. Electronic Signature or Acknowledgement, Counterparts & Photocopies

The Parties agree that a photocopy of this Agreement shall have the same effect as an original and this Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together will constitute one and the same agreement. The Parties expressly agree that a photocopy or an electronically scanned copy of this Agreement or any Purchase Order issued hereunder shall have the same effect as an original.

### 29. Entire Agreement

This Agreement, along with agreed Purchase Orders, contain the entire agreement of the Parties and supersedes any and all prior agreements between the Parties, written or oral, with respect to the transactions contemplated herein. There are no verbal understandings, agreements, representations or warranties between the Parties which are not expressly set forth herein. This Agreement or any Purchase Order may not be changed or terminated orally but may only be changed by an agreement in writing signed by both Parties.

**IMPRESA AEROSPACE, LLC**              **VISSER PRECISION**

By: _____            By: _____
Steven Loye, CEO                                    Name and title

("IMPRESA")                                            ("SUPPLIER")
                                                               Visser Precision, LLC _ 09/07/2017

IMPRESA AEROSPACE, LLC AGREEMENT FOR PURCHASE OF GOODS

EXHIBIT B

**Attachment 1**

**Goods, Prices and Lead Times**

1. The following Goods, Base Prices and Lead Times shall apply for all Goods produced by Supplier pursuant to an Impresa Purchase Order:

| Part Num | Description | Visser Price | UOM |
|---|---|---|---|
| 113A3940-702 | Track | $585.25 | EA |
| 113A3941-702 | Track | $623.63 | EA |
| 113A3942-702 | Track | $662.01 | EA |
| 113A3943-702 | Track | $681.21 | EA |

2. Supplier represents that prices set forth herein this Attachment 1 are firm fixed prices, not subject to any adjustment through 31 December 2020. These prices shall: a) include all costs of freight, packaging and return transportation of reusable containers, if applicable; b) apply to all Goods sold to Impresa

3. Pricing for year 2021 is to be negotiated by both parties in the last quarter of year 2020.

4. Standard Lead Time is:
   - 6-8 weeks

5. Open order report to be provided quarterly.




**STATEMENT**

Visser Precision LLC
6275 E 39th Ave
Denver, CO 80207 United States of America

EXHIBIT B

DATE FILED: April 6, 2020 2:43 PM
FILING ID: CCCC9CC1EB80C
CASE NUMBER: 2020CV31277

| Statement Date |
| --- |
| 3/31/2020 |

| Account No. | Page |
| --- | --- |
| IMPRESA | 1 |

| Statement Date |
| --- |
| 3/31/2020 |

| Account No. |
| --- |
| IMPRESA |

Impresa Aerospace
344 W. 157th Street
Gardena, CA 90248
United States of America

Impresa Aerospace

To insure proper credit, please check those items being paid. Please separate and return this portion of the statement.

| Reference | Date | Type | AR Description | Amount | Reference | Type | Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 1863 | 12-Jan-18 | INV | | $2,302.72 | 1863 | INV | $2,302.72 |
| 1869 | 16-Jan-18 | INV | | $2,724.84 | 1869 | INV | $2,724.84 |
| 2266 | 13-Jun-18 | INV | | $1,362.42 | 2266 | INV | $1,362.42 |
| 2575 | 29-Nov-18 | INV | | $2,043.63 | 2575 | INV | $2,043.63 |
| 2664 | 24-Jan-19 | INV | | $5,464.26 | 2664 | INV | $5,464.26 |
| 2876 | 22-May-19 | INV | | $4,682.00 | 2876 | INV | $4,682.00 |
| 2877 | 22-May-19 | INV | | $13,460.75 | 2877 | INV | $13,460.75 |
| 2884 | 30-May-19 | INV | | $2,341.00 | 2884 | INV | $2,341.00 |
| 2885 | 30-May-19 | INV | | $1,170.50 | 2885 | INV | $1,170.50 |
| 2886 | 30-May-19 | INV | | $1,170.50 | 2886 | INV | $1,170.50 |
| 2887 | 30-May-19 | INV | | $7,023.00 | 2887 | INV | $7,023.00 |
| 2888 | 30-May-19 | INV | | $5,852.50 | 2888 | INV | $5,852.50 |
| 2891 | 30-May-19 | INV | | $662.01 | 2891 | INV | $662.01 |
| 2898 | 05-Jun-19 | INV | | $1,170.50 | 2898 | INV | $1,170.50 |
| 2899 | 05-Jun-19 | INV | | $1,755.75 | 2899 | INV | $1,755.75 |
| 2900 | 05-Jun-19 | INV | | $5,267.25 | 2900 | INV | $5,267.25 |
| 2901 | 05-Jun-19 | INV | | $6,437.75 | 2901 | INV | $6,437.75 |
| 2957 | 25-Jun-19 | INV | | $1,170.50 | 2957 | INV | $1,170.50 |
| 2984 | 08-Jul-19 | INV | | $4,634.07 | 2984 | INV | $4,634.07 |
| 2989 | 16-Jul-19 | INV | | $12,049.80 | 2989 | INV | $12,049.80 |
| 2991 | 16-Jul-19 | INV | | $14,564.22 | 2991 | INV | $14,564.22 |
| 2994 | 16-Jul-19 | INV | | $16,387.00 | 2994 | INV | $16,387.00 |
| 2997 | 16-Jul-19 | INV | | $6,620.10 | 2997 | INV | $6,620.10 |
| 2999 | 16-Jul-19 | INV | | $7,282.11 | 2999 | INV | $7,282.11 |
| 3002 | 19-Jul-19 | INV | | $662.01 | 3002 | INV | $662.01 |
| 3006 | 23-Jul-19 | INV | | $14,631.25 | 3006 | INV | $14,631.25 |

**EXHIBIT 2**



# STATEMENT



Visser Precision LLC
6275 E 39th Ave
Denver, CO  80207  United States of America

**EXHIBIT B**

| Statement Date |
|---|
| 3/31/2020 |

| Account No. | Page |
|---|---|
| IMPRESA | 2 |

| Statement Date |
|---|
| 3/31/2020 |

| Account No. |
|---|
| IMPRESA |

Impresa Aerospace
344 W. 157th Street
Gardena, CA  90248
United States of America

Impresa Aerospace

To insure proper credit, please check those items being paid.  Please separate and return this portion of the statement.

| Reference | Date | Type | AR Description | Amount | Reference | Type | Amount |
|---|---|---|---|---|---|---|---|
| 3007 | 23-Jul-19 | INV | | $2,341.00 | 3007 | INV | $2,341.00 |
| 3008 | 23-Jul-19 | INV | | $585.25 | 3008 | INV | $585.25 |
| 3009 | 23-Jul-19 | INV | | $13,902.21 | 3009 | INV | $13,902.21 |
| 3010 | 23-Jul-19 | INV | | $5,958.09 | 3010 | INV | $5,958.09 |
| 3020 | 30-Jul-19 | INV | | $19,898.50 | 3020 | INV | $19,898.50 |
| 3021 | 30-Jul-19 | INV | | $9,930.15 | 3021 | INV | $9,930.15 |
| 3022 | 30-Jul-19 | INV | | $585.25 | 3022 | INV | $585.25 |
| 3025 | 05-Aug-19 | INV | | $662.01 | 3025 | INV | $662.01 |
| 3032 | 08-Aug-19 | INV | | $11,705.00 | 3032 | INV | $11,705.00 |
| 3034 | 08-Aug-19 | INV | | $23,410.00 | 3034 | INV | $23,410.00 |
| 3035 | 09-Aug-19 | INV | | $662.01 | 3035 | INV | $662.01 |
| 3044 | 12-Aug-19 | INV | | $22,824.75 | 3044 | INV | $22,824.75 |
| 3045 | 12-Aug-19 | INV | | $5,267.25 | 3045 | INV | $5,267.25 |
| 3046 | 12-Aug-19 | INV | | $10,592.16 | 3046 | INV | $10,592.16 |
| 3061 | 19-Aug-19 | INV | | $662.01 | 3061 | INV | $662.01 |
| 3062 | 19-Aug-19 | INV | | $6,437.75 | 3062 | INV | $6,437.75 |
| 3063 | 19-Aug-19 | INV | | $14,564.22 | 3063 | INV | $14,564.22 |
| 3070 | 28-Aug-19 | INV | | $2,341.00 | 3070 | INV | $2,341.00 |
| 3071 | 28-Aug-19 | INV | | $5,852.50 | 3071 | INV | $5,852.50 |
| 3072 | 28-Aug-19 | INV | | $19,860.30 | 3072 | INV | $19,860.30 |
| 3073 | 28-Aug-19 | INV | | $9,364.00 | 3073 | INV | $9,364.00 |
| 3077 | 28-Aug-19 | INV | | $585.25 | 3077 | INV | $585.25 |
| 3079 | 28-Aug-19 | INV | | $19,198.29 | 3079 | INV | $19,198.29 |
| 3080 | 28-Aug-19 | INV | | $585.25 | 3080 | INV | $585.25 |
| 3081 | 28-Aug-19 | INV | | $662.01 | 3081 | INV | $662.01 |
| 3082 | 28-Aug-19 | INV | | $16,387.00 | 3082 | INV | $16,387.00 |



**STATEMENT**

Visser Precision LLC
5275 E 39th Ave
Denver, CO  80207  United States of America



EXHIBIT B

| Statement Date |
|---|
| 3/31/2020 |

| Account No. | Page |
|---|---|
| IMPRESA | 3 |

| Statement Date |
|---|
| 3/31/2020 |

| Account No. |
|---|
| IMPRESA |

Impresa Aerospace
344 W. 157th Street
Gardena, CA  90248
United States of America

Impresa Aerospace

To insure proper credit, please check those items being paid.  Please separate and return this portion of the statement.

| Reference | Date | Type | AR Description | Amount | Reference | Type | Amount |
|---|---|---|---|---|---|---|---|
| 3095 | 13-Sep-19 | INV | | $6,620.10 | 3095 | INV | $6,620.10 |
| 3096 | 13-Sep-19 | INV | | $5,958.09 | 3096 | INV | $5,958.09 |
| 3097 | 13-Sep-19 | INV | | $1,170.50 | 3097 | INV | $1,170.50 |
| 3111 | 27-Sep-19 | INV | | $17,874.27 | 3111 | INV | $17,874.27 |
| 3112 | 27-Sep-19 | INV | | $1,986.03 | 3112 | INV | $1,986.03 |
| 3114 | 27-Sep-19 | INV | | $1,755.75 | 3114 | INV | $1,755.75 |
| 3115 | 27-Sep-19 | INV | | $19,860.30 | 3115 | INV | $19,860.30 |
| 3123 | 09-Oct-19 | INV | | $1,170.50 | 3123 | INV | $1,170.50 |
| 3124 | 09-Oct-19 | INV | | $7,282.11 | 3124 | INV | $7,282.11 |
| 3125 | 09-Oct-19 | INV | | $12,578.19 | 3125 | INV | $12,578.19 |
| 3126 | 09-Oct-19 | INV | | $14,631.25 | 3126 | INV | $14,631.25 |
| 3131 | 15-Oct-19 | INV | | $585.25 | 3131 | INV | $585.25 |
| 3133 | 17-Oct-19 | INV | | $8,606.13 | 3133 | INV | $8,606.13 |
| 3134 | 17-Oct-19 | INV | | $11,254.17 | 3134 | INV | $11,254.17 |
| 3135 | 17-Oct-19 | INV | | $16,972.25 | 3135 | INV | $16,972.25 |
| 3143 | 18-Oct-19 | INV | | $662.01 | 3143 | INV | $662.01 |
| 3144 | 18-Oct-19 | INV | | $5,296.08 | 3144 | INV | $5,296.08 |
| 3145 | 18-Oct-19 | INV | | $13,902.21 | 3145 | INV | $13,902.21 |
| 3146 | 18-Oct-19 | INV | | $16,972.25 | 3146 | INV | $16,972.25 |
| 3147 | 18-Oct-19 | INV | | $585.25 | 3147 | INV | $585.25 |
| 3158 | 29-Oct-19 | INV | | $26,921.50 | 3158 | INV | $26,921.50 |
| 3159 | 29-Oct-19 | INV | | $8,193.50 | 3159 | INV | $8,193.50 |
| 3160 | 29-Oct-19 | INV | | $3,972.06 | 3160 | INV | $3,972.06 |
| 3161 | 29-Oct-19 | INV | | $3,972.06 | 3161 | INV | $3,972.06 |
| 3173 | 04-Nov-19 | INV | | $36,285.50 | 3173 | INV | $36,285.50 |
| 3174 | 04-Nov-19 | INV | | $4,096.75 | 3174 | INV | $4,096.75 |



**STATEMENT**



Visser Precision LLC
6275 E 39th Ave
Denver, CO  80207  United States of America

**EXHIBIT B**

| Statement Date |
|---|
| 3/31/2020 |

| Account No. | Page |
|---|---|
| IMPRESA | 4 |

| Statement Date |
|---|
| 3/31/2020 |

| Account No. |
|---|
| IMPRESA |

Impresa Aerospace
344 W. 157th Street
Gardena, CA  90248
United States of America

Impresa Aerospace

To insure proper credit, please check those items being paid.  Please separate and return this portion of the statement.

| Reference | Date | Type | AR Description | Amount | Reference | Type | Amount |
|---|---|---|---|---|---|---|---|
| 3179 | 13-Nov-19 | INV | | $31,114.47 | 3179 | INV | $31,114.47 |
| 3201 | 22-Nov-19 | INV | | $585.25 | 3201 | INV | $585.25 |
| 3202 | 22-Nov-19 | INV | | $585.25 | 3202 | INV | $585.25 |
| 3203 | 22-Nov-19 | INV | | $11,254.17 | 3203 | INV | $11,254.17 |
| 3216 | 06-Dec-19 | INV | | $585.25 | 3216 | INV | $585.25 |

| | *Please Pay this Amount*  ---------> | $661,004.10  USD | **Total Due** | $661,004.10 USD |
|---|---|---|---|---|
| 0 - 30 | 31 - 60 | 61 - 90 | Over 90 | |
| $0.00 | $0.00 | $0.00 | $661,004.10 | |